# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ERVIN JEROME EVANS,

    Plaintiff,

v.        Case No. 5:20-cv-60-RV-MJF

MARK INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ervin Jerome Evans, DC# 180749, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Evans's complaint is accompanied by two applications to proceed *in forma pauperis* (Docs. 2, 3). The undersigned recommends that Evans's motions to proceed *in forma pauperis* be denied and that this case be dismissed under 28 U.S.C. § 1915(g), because Evans is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this lawsuit.[1]

**I.    Background and Procedural History**

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Evans is an inmate of the Florida Department of Corrections (FDC) currently confined in disciplinary confinement at Northwest Florida Reception Center (NWFRC). Evans's complaint names two Defendants: FDC Secretary Mark Inch, and NWFRC Warden Michael Mashburn. (Doc. 1 at 1 in ECF). Evans claims that it is "possible" his rights under the Eighth Amendment will be violated. (*Id*. at 2 in ECF). Evans explains that three inmates attacked him on January 27, 2020; that he filed a grievance seeking protection on January 31, 2020; that he was placed in disciplinary segregation on February 5, 2020, for making a spoken threat; that he recently submitted a grievance requesting not to be placed back in the open population upon release from disciplinary confinement; and that he does not know if his request for protection will be approved. (*Id*. at 3, 5 in ECF). Evans filed this action, as a precaution, to enjoin the Defendants from releasing him to open population. (*Id*. at 2 in ECF). Recognizing that he has not provided prison officials an adequate opportunity to resolve his request for protection, Evans requests that this case be stayed pending exhaustion of his administrative remedies. (*Id*. at 5 in ECF).

## II.  Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

This court recognized, in a previous case Evans filed, that Evans has three strikes under § 1915(g). *See Evans v. Scott*, No. 4:13cv00183-RH-CAS (N.D. Fla. Apr. 24, 2013) (recommending dismissal of Evans's civil rights action pursuant to three-strikes bar and identifying qualifying cases), *report and recommendation adopted*, (N.D. Fla. June 12, 2013). Evans's present complaint acknowledges that he is a three-striker under § 1915(g). (Doc. 1 at 5 in ECF).

Because Evans has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Evans's allegations, accepted as true, fail to make a colorable showing that he is in imminent danger of serious physical injury. Evans admits that he currently is segregated from the general population of the prison, and that his request for protection is being evaluated. Evans filed this lawsuit on February 7, 2020, mere days after submitting his request for protection. (Doc. 1 at 1 in ECF (institutional mail stamp)). The possibility that his request will be denied, and Evans's speculation that he will be placed in danger when he completes his term of disciplinary confinement, is insufficient to satisfy the imminent danger exception. *See, e.g., O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 805 (11th Cir. 2016) (concluding that prisoner failed to show that he faced imminent danger due to inadequate medical treatment because his fears that his surgery might be delayed or his symptoms would lead to cancer were "speculative and not factually supported"). Because Evans is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed under § 1915(g).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's applications to proceed *in forma pauperis* (Docs. 2, 3), be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

3. The clerk of court close this case file.

At Panama City, Florida, this 20th day of February, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**